FILED

07/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0407

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0407

TIMOTHY D. JOURNOT,

Petitioner,

v.

CAPTAIN HASH,

Respondent.

ORDER

FILED

JUL 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Timothy D. Journot has filed a Petition for Writ of Habeas Corpus, arguing he is illegally incarcerated because a sentencing condition from a subsequent matter is being retroactively applied to an earlier matter thus constituting an ex post facto violation.

Journot explains he is serving a sentence pursuant to a 2002 juvenile matter and that, in 2023, he was charged with unlawful possession of a firearm and carrying a concealed weapon while under the influence. Journot provides that he does not start serving his second sentence until 2025 and the imposition of a sentencing condition from his second sentence to his juvenile matter is unlawful.

Available electronic records indicate that on June 14, 2002, the Flathead County District Court issued its Findings of Fact, Conclusions of Law, and Order designating Journot's juvenile case as an extended jurisdiction juvenile prosecution and retaining jurisdiction over Journot until the age of twenty-five years. The court ordered that he remain in jail until December 11, 2002, and thereafter be placed on formal probation. Journot was advised of the rules of probation and particular conditions imposed and told

that upon any violation, Journot would receive a commitment to the Department of Corrections (DOC) for twenty years with seventeen years suspended.

In July 2004, the Flathead County District Court revoked Journot's formal probation and committed him to the DOC for twenty years with seventeen suspended. The court included conditions of probation. On June 30, 2016, the District Court issued an Order of Revocation, sentencing Journot to the DOC for ten years with five years suspended (2016 sentence upon revocation). The court awarded credit for time served and re-imposed probationary conditions.

In November 2023, the Missoula County District Court adjudged Journot guilty of attempted aggravated assault pursuant to § 45-5-202, MCA, and imposed a three-year sentence to the DOC with all but seventeen days suspended (2023 sentence). The Missoula County District Court ordered that the sentence run consecutively to his 2016 sentence upon revocation from the Flathead County District Court.

Journot is correct that he is presently serving his 2016 sentence upon revocation from the Flathead County District Court. However, the sentencing condition from his 2023 sentence is not being applied to his 2016 sentence upon revocation. Journot contends being in possession of "a black powder rifle," upon which his recent convictions are based, does not violate § 46-8-313, MCA, because that statute does not explicitly mention black powder, either under the 2001 version or the 2021 version. However, in the Flathead County District Court's 2002 written Order, condition number 6 states: "The youth shall not own, possess, or be in control of any firearms or deadly weapons, including black powder, as defined by state or federal law. The youth shall not possess O.C. spray." In the 2004 Revocation Order, the court re-stated the same provision in condition "f." Journot received notice in 2002 and 2004 that he was expressly prohibited from having any weapon, including black powder. The condition was re-imposed in 2016.

Journot has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Journot also cannot challenge his 2016 sentence upon revocation through this remedy. Section 46-22-101(2), MCA. Therefore,

2

IT IS ORDERED that Journot's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Timothy D. Journot personally.

DATED this 23rd day of July, 2024.

_____

_____

_____

_____

_____
Justices